

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~██████████~~RD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 13, 1939

Honorable James E. Kilday
Director, Motor Transportation Div.
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-05
Re: Liability of motor carrier for
tax and plate fees during time his
certificate in litigation.

We are in receipt of your request for an opinion concerning the following facts: On March 29, 1934, the Railroad Commission passed an order granting to Wald Transfer and Storage Company, Inc., a common carrier motor carrier certificate. On the 21st day thereafter a motion for re-hearing was filed by same party in the proceeding, and on December 19, 1934 the Commission passed an order setting aside the order of March 29, 1934. Wald Transfer and Storage Company, Inc., has successfully maintained a suit upholding the issuance of the certificate on March 29, 1934, and declaring invalid the order of December 19, 1934. Smith v. Wald Transfer & Storage Co., 97 S.W. (2d) 991, error dismissed. During the pendency of the suit, a temporary injunction protected Wald Transfer and Storage Company, Inc., from the interference of the Commission. You ask the following question:

"If the Commission issues a permit upon the original order referred to herein, should the applicant be required to pay tax and plate fees for the years he has been operating under an injunction, since the issuance of said order, or should we only collect for the period from date of the permit to be issued to the end of the current fiscal year, as is the usual custom when a permit is issued?"

Article 911b, Sec. 17(a), reads in part as follows:

"For the purpose of defraying the expense of administering this Act, every common carrier motor carrier now regularly operating, or which shall hereafter regularly operate in this State, shall at the time of the issuance of a certificate of convenience and necessity, unless otherwise provided herein, and annually thereafter, on or between September 1st and September 15th of each calendar year, pay a special fee of Ten ($10.00) Dollars, for each motor propelled vehicle operated or to be operated by such motor carrier in the carriage of property. If the certificate of convenience and necessity herein referred to is issued after the month of September of any year, the fee paid shall be prorated to the remaining portion of the year ending August 31st following, but in no case less than one-fourth (1/4) the annual fee. . . ."

Article 911b, Sec. 17(c) reads as follows:

"All fees except the fee provided in Section 5 of this Act accruing under the terms of this Act shall be payable to the State Treasury at Austin and credited to a fund to be known and designated as the 'Motor Carrier Fund,' which fund is appropriated for the purpose of carrying out the terms of this Act, and out of which all warrants and expenditures necessary in administering and enforcing this Act shall be paid."

Article 911b, Sec. 18, reads in part as follows:

"It shall be unlawful for any motor carrier as hereinbefore defined to operate any motor vehicle within this State unless there shall be displayed and firmly fixed upon the front and rear of such vehicle an identification plate to be furnished by the Commission. . . . It shall be the duty of the Commission to provide these plates and each motor vehicle operating in this State shall display such plates as soon as the same are received and such plates shall be issued annually thereafter and attached to each motor vehicle not later than September 1st of each year, or as soon thereafter as possible. The Commission shall be authorized to collect from the applicant a fee of One ($1.00) Dollar, for each pair of plates so issued, and all fees for such plates shall be deposited in the State Treasury to the credit of the 'Motor Carrier Fund.'

It developed in the law suit above referred to that on March 29, 1934, a valid and enforceable order, one that has never been set aside, was entered by the Railroad Commission directing the issuance of a certificate. Section 17(a) required the payment of a special fee then and annually thereafter on each vehicle operated under the certificate. The erroneous belief on the part of the Commission that the order granting the certificate had been set aside, and its failure on that account to collect such special fees would not have the effect of discharging Wald Transfer & Storage Company's liability therefor. The State could not be thusly deprived of fees due it. The Wald Company received all the privileges of authorized common carrier motor carrier, and not having paid such special fees, still owes the same, and it is the duty of the Commission to collect the same. Although a tender of the amount of the indebtedness be made and refused, such unaccepted tender does not discharge the principal obligation. Hoskins v. Dougherty, 69 S.W. 103; Poff v. Miller, 235 S.W. 570, 26 R.C.L. 648. Since tenders were made, however, we believe that a prosecution could not be successfully maintained under Article 1690-b of the Penal Code, which provides a penalty for anyone violating the provisions of Article 911b. Furthermore, since the years for which the usual fees were due have passed without collection of the fees, and under such circumstances which excused the payment of the same as they fell due, we do not believe that a forfeiture of the Wald Company's certificate could be had for failure to pay the same. In our opinion, such special fees which are due for the period of the injunction should be collected as a simple debt.

With reference to the fees of one dollar, however, which the Commission is "authorized" to collect for each pair of license plates issued, we reach a different conclusion. That fee is a small one, evidently intended to result in no profit to the State, but merely to defray the actual expense incurred by the State in making or obtaining and issuing the plates. If none was issued to the Wald Company during the period of the injunction, then no expense was caused to the State in this regard. Our conclusion is that the Commission is not entitled to collect from Wald Transfer and Storage Company, Inc., plate fees for the time inquired about.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:N:egw

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS